UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JULIE AVILA**, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | EP-25-CV-00122-DCG |
| **STATEWIDE REMODELING**, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM ORDER

Before the Court is *pro se* Plaintiff Julie Avila's Motion to Proceed in Forma Pauperis (ECF No. 1) and Motion for Appointment of Counsel (ECF No. 1-3). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 1), **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 1-3), and **DISMISSES** Plaintiff's Complaint (ECF No. 1-1) pursuant to 28 U.S.C. § 1915(e) **WITH LEAVE TO AMEND.** Plaintiff shall **AMEND** her Complaint **by June 10, 2025.**

### I.   Background

Plaintiff began her employment with Statewide Remodeling ("Defendant") on August 15, 2024. Compl., ECF No. 1-1, at 16. She alleges that she was discharged on September 24, 2024, after a cashier at Home Depot accused her of stealing. *Id.* at 16. She also alleges that her employer accused her of listening to her headphones and laying on ladders during work. *Id*. Plaintiff is of Mexican descent and claims that Defendant discriminated against her based on her national origin. *Id.* at 9, 17. After Plaintiff was discharged, she filed a charge of discrimination with the EEOC. *Id.* at 7. On January 14, 2025, a right-to-sue letter was issued. *Id.* at 12. Plaintiff brings this

present lawsuit asserting discrimination based on national origin in violation of Title VII of the Civil Rights Act of 1964 and defamation claims. *See id.*

## II.    Legal Standards

### A.  Proceeding *in Forma Pauperis*

Under 28 U.S.C. § 1915, plaintiffs can request to proceed in forma pauperis when they cannot afford to pay the filing fees to file their case in federal court. The statute is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). Whether a plaintiff can proceed *in forma pauperis* is based on their financial resources. *Watson v. Ault*, 525 F.2d 886, 890–91 (5th Cir. 1976) (plaintiff's *in forma pauperis* affidavit must "demonstrate economic eligibility"). "Whether a party may proceed IFP in the district court is based solely upon economic criteria." *Bell v. Child.'s Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013) (citation omitted). The focus is on "whether the movant can afford the costs without undue hardship or deprivation of the necessities of life." *Id.* (citing *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)). Whether to permit or deny an applicant to proceed in *forma pauperis* is within the sound discretion of the District Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

A district court may summarily dismiss a complaint filed in *forma pauperis* if it concludes that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The "fails to state a claim" language set forth in § 1915(e)(2)(B)(ii) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 135 F.3d 732, 733–34 (5th Cir. 1998).

### B. Rule 12(b)(6) Dismissal

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. At Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

*Pro se* filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While courts hold *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Chhim*, 836 F.3d at 469 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### C. Appointment of Counsel

Title VII provides for the appointment of counsel upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). There is no automatic right to the appointment of counsel in these cases, however. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision to appoint counsel is within the broad discretion of the district court given the particular facts of the case. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir.

3

1990). Courts are to consider: "(1) the merits of the complainant's claims of discrimination, (2) the efforts taken by the complainant to obtain counsel on his or her own, and (3) a complainant's financial ability to retain counsel." *White v. U.S. Pipe & Foundry Co.*, 646 F.2d 203, 206 (5th Cir. 1981) (citation omitted). These factors "are merely suggestive rather than exhaustive," and "no one factor is conclusive." *Id.* (citation omitted).

### III.     Analysis

#### A.  Proceeding *in Forma Pauperis*

Courts consider the cost of the filing fee, which is $405. *See Fee Schedule*, W. DIST. TEX., txwd.uscourts.gov/court-information/fee-schedule/ (last visited May 16, 2025). As a starting point for determining whether an IFP applicant can bear the costs, courts often consider whether the applicant's income is above or below the United States Department of Health and Human Services' ("HHS") poverty guidelines. *E.g.*, *Nesby v. All Com. Floors*, No. 4:22-CV-167-P (BJ), 2022 WL 1037453, at *1 (N.D. Tex. Mar. 8, 2022); *McKinley v. County of Fresno*, No. 1:21-cv-00754-NONE-SAB, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021). An IFP applicant's income relative to the poverty guidelines, however, is not dispositive; courts must place that information in the context of the applicant's overall financial resources. *McKinley*, 2021 WL 3007162, at *1 ("[T]he poverty guidelines should not be considered in a vacuum; rather, courts are to consider income in the context of overall expenses and other factors, including savings and debts.").

Plaintiff provides in her Motion that she is currently employed and earns an hourly rate of $9. IFP Mot., ECF No. 1, at 1. Further, she provides that she does not have any cash in a checking or savings account. *Id.* at 2. She also indicates that she has monthly expenses and roughly $27,100 in debt. *Id.* The applicable poverty guideline for a family of one is $15,650. *See* Poverty Guidelines, *HHS Poverty Guidelines for 2025*, HHS, https://aspe.hhs.gov/topics/poverty-

economic-mobility/poverty-guidelines (last visited May 16, 2025). Assuming Plaintiff lives alone and works forty hours a week, her income is slightly above the federal poverty guideline, at $18,720. Nonetheless, given Plaintiff's debt, lack of savings, and monthly expenses, the Court finds that she lacks sufficient resources to pay the Court's filing fee and allows her to proceed *in forma pauperis*.

### B. Appointment of Counsel

The Court next considers the relevant factors in determining whether to appoint counsel. Beginning with the merits of Plaintiff's claims, the Court discusses this in detail below when determining whether to dismiss Plaintiff's Complaint. As will become clear below, this factor weighs in favor of not appointing counsel. Next, the efforts taken to secure counsel, Plaintiff indicates that she contacted an attorney who informed her that she did not have enough evidence for a lawsuit. Mot. Appointment Counsel, ECF No. 1-3, at 1. Plaintiff, however, did not list the names of the attorneys she contacted as the form requires. *See id.* at 1. It is thus unclear as to how many attorneys she contacted. Obviously, contacting more attorneys would demonstrate a greater effort to obtain representation. This factor is therefore neutral. Finally, Plaintiff's financial ability to obtain counsel weighs in favor of appointing counsel as explained above.

### C. Dismissing Complaint

Title VII makes it unlawful for employers to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination under Title VII, the plaintiff must show: (1) she belongs to a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the protected class, or that other similarly situated persons were treated more

favorably. *See Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021). Plaintiff properly alleges that she belongs to a protected class and that she suffered an adverse employment action. Compl., ECF No. 1-1, at 16–17. Nonetheless, Plaintiff's Complaint alleges no facts demonstrating that Defendant's actions were motivated by her race. Plaintiff states in a conclusory fashion that she believes she was discriminated against based on her national origin; however, this alone is inadequate to state a claim of discrimination. As a separate matter, Plaintiff provides that Defendant has a total of 4 or 5 employees. This matters because Title VII only applies to employers with fifteen or more employees. *See* 42 U.S.C. § 2000(e)(b); *see also Greenlees Eidenmuller Enters., Inc.*, 32 F.3d 197 (5th Cir. 1994). Accordingly, Plaintiff fails to plead sufficient factual allegations to satisfy the relevant plausibility standard with respect to her Title VII claims.

As to Plaintiff's defamation claim, defamation is a state law claim with no independent basis for jurisdiction in the federal courts. *See Lavergne v. Busted in Acadiana*, 583 F. App'x 368, 369 (5th Cir. 2014) ("Claims of libel and slander are quintessentially state law claims."). Even if Plaintiff could establish diversity jurisdiction, she still fails to adequately plead a defamation claim. Under Texas law, "defamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (cleaned up). To establish such a claim under Texas law, a plaintiff must prove that: "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation per se." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017). Aside from stating her desire to

bring forth a defamation claim, Plaintiff provides no facts regarding the alleged defamatory statement(s). Dismissal is therefore warranted with respect to her defamation claim as well.

### D. Leave to Amend

Generally, "a pro se litigant should be offered an opportunity to amend [her] complaint before it is dismissed." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Rule 15(a) provides that leave to amend shall be "freely" given "when justice so requires." FED. R. CIV. P. 15(a). Granting leave to amend, however, is not required if the plaintiff has already pleaded her "best case." *Id.* Here, Plaintiff's Complaint contains virtually no facts regarding the alleged incidents. It appears that her Complaint could be remedied through more specific pleading. The Court will thus allow Plaintiff to amend her Complaint to include specific factual allegations regarding the alleged discrimination and defamation that happened here. With respect to Plaintiff's defamation claim, any Amended Complaint must establish that the requirements of diversity jurisdiction exist.[1]

The Clerk of Court shall not serve Defendant with Plaintiff's complaint until the Court determines that Plaintiff has adequately pleaded a cognizable claim. *See Hernandez v. Williams*, No. 21-CV-944-WQH-KSC, 2022 WL 2392457, at *2 (S.D. Cal. June 30, 2022) ("Where the Court dismisses a prisoner-plaintiff's complaint in its entirety but with leave to amend before ordering U.S. Marshal service on any defendant, it again screens any subsequent amended complaint pursuant to Section 1915A until a determination is made that the pleading contains a cognizable claim sufficient to warrant ordering [defendants] to file an answer."). (cleaned up).

---

[1] Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of every state and foreign state by which it has been incorporated, and of the state or foreign state where it has its principal place of business. *Id.* (c)(1).

7

### IV.     Conclusion

Accordingly, the Court **GRANTS** Plaintiff's Motion Proceed in Forma Pauperis (ECF No. 1), **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 1-3), and **DISMISSES** Plaintiff's Complaint (ECF No. 1-1) pursuant to 28 U.S.C. § 1915(e) **WITH LEAVE TO AMEND.** Plaintiff shall **AMEND** her Complaint **by June 10, 2025.**

**The Clerk of Court SHALL MAIL this Order to Plaintiff:**

Julie Avila
11501 Valle Verde Rd
El Paso, Texas 79927

**So ORDERED and SIGNED this 20th day of May 2025.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**